UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CUMBERLAND TRUCK EQUIPMENT CO., *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> DETROIT DIESEL CORPORATION, *et al.*, <br><br> Defendants. | CASE NO.  C06-1356RSM <br><br> ORDER DENYING MOTION FOR RECONSIDERATION |

This matter comes before the Court on defendant Detroit Diesel Corporation's Motion for Reconsideration. (Dkt. #19). Defendant asks this Court to reconsider its previous Order granting in part and denying in part non-party PACCAR Inc.'s Motion to Quash Subpoena Duces Tecum and defendant's Cross-Motion to Compel. (*See* Dkt. #18). Specifically, defendant asks this Court to reconsider its Order with respect to Specifications 12, 32 and 38. Defendant argues that this Court committed manifest error because it overlooked sufficient evidence of defendant's substantial need for PACCAR's information and the difficulty of acquiring such information fully from other sources, and because it significantly misapprehended the requisite analysis of confidential information under Federal Rule of Civil Procedure 45(c)(3)(B)(i).

On December 1, 2006, the Court ordered PACCAR to respond to defendant's motion. That response has been filed. Having reviewed defendant's motion, PACCAR's response, and

ORDER
PAGE – 1

1 the remainder of the record, the Court now hereby finds and ORDERS:

2 (1) Defendant's Motion for Reconsideration (Dkt. #19) is DENIED. By local rule, motions for reconsideration are disfavored, and the Court will ordinarily deny such a motion in the absence of "a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." W.D. Wash. Local Rule CR 7(h).

In its motion for reconsideration, defendant argues that this Court erroneously quashed its subpoena with respect to Specifications 12, 32 and 38. Defendant first argues that the Court improperly quashed Specification No. 12 because it failed to recognize that an answer to the Specification is integral to its defenses and that it would be severely prejudiced without responsive information. Defendant also argues that the Court's decision is fundamentally at odds with its order compelling answers to Specifications 1-3.

As the Court discussed in its previous Order, Specification No. 1 requests "[a]ll documents that relate to your decision to stop offering Detroit Diesel engines in your heavy-duty trucks." (Dkt. #3, Ex. A at 6). Specification No. 2 requests "[a]ll documents that relate to your communications with dealers of heavy-duty trucks, including but not limited to any groups or associations that represent dealers of heavy-duty trucks, regarding your decision to stop offering Detroit Diesel engines in your heavy-duty trucks." (Dkt. #3, Ex. A at 6). Specification No. 3 requests "[a]ll documents that relate to your communications with manufacturers of heavy-duty engines regarding your decision to stop offering Detroit Diesel engines in your heavy duty trucks." (Dkt. #3, Ex. A at 6). Specification No. 12 requests "[a]ll documents that relate to your plans or strategies in the conversion of purchasers of heavy-duty trucks from Detroit Diesel engines to other heavy-duty engines. (Dkt. #3, Ex. A at 7).

The Court found that with respect to Specification Nos. 1-3, the requests are not overbroad, and that the information sought is relevant to defendant's defense. Accordingly, the Court granted defendant's request to compel responses to Specification Nos. 1-3. However, with respect to Specification No. 12, the Court found the Specification overbroad because it

ORDER
PAGE – 2

appears to encompass privileged and sensitive commercial information, and defendant failed to demonstrate that it has a substantial need for such information that cannot otherwise be met without undue hardship. Accordingly, the Court quashed that Specification.

Nothing in defendant's motion for reconsideration persuades the Court that it committed manifest error in coming to that conclusion. The Court determined that defendant had failed to demonstrate that the information in Specification No. 12 is necessary to this litigation. As defendant admitted in its opposition to the initial motion to quash, it was informed in advance that PACCAR has decided to stop purchasing engines manufactured by defendant. It is in possession now of the same information it had when it determined a course of action in response to PACCAR's decision to stop offering trucks with defendant's engines. Thus, for the reasons explained by PACCAR in its response brief to the instant motion, the sensitive information requested in Specification No. 12 is not relevant or necessary to defend the instant action, nor does the Court's order quashing the Specification conflict with its order compelling answers to Specification Nos. 1-3.

Defendant next argues that the Court erroneously quashed Specifications 32 and 38 when it failed to consider whether a protective order could address PACCAR's concerns with respect to its sensitive and confidential information, and because it failed to acknowledge defendant's substantial need for the information responsive to these requests. Again the Court is not persuaded.

Specification No. 32 requests "[a]ll documents that relate to any communications with your dealers regarding contracts, agreements, or arrangements involving replacement parts for Detroit Diesel engines, including but not limited to agreements, contracts or arrangements to design, develop, manufacture or distribute replacement parts for Detroit Diesel engines, or to provide service, training, marketing, promotion, pricing or dealer support for replacement parts for Detroit Diesel engines." (Dkt. #3, Ex. A at 10). Specification No. 38 requests "[d]ocuments sufficient to show the prices charged for replacement parts for Detroit Diesel engines, by part

ORDER
PAGE – 3

1  number, stock-keeping unit or other identifier." (Dkt. #3, Ex. A at 11).

2      The Court found that PACCAR had demonstrated that these requests encompass
3  privileged and sensitive commercial information, and found that defendant had failed to
4  demonstrate that it has a substantial need for such information that could not otherwise be met
5  without undue hardship.

6      In its motion for reconsideration, defendant essentially reiterates the same arguments as
7  presented in its opposition to the motion to quash.  The Court fully considered those arguments
8  in making its previous decision.  For the reasons set forth in PACCAR's response to the instant
9  motion, the Court continues to find that the information sought in these Specifications is
10 sensitive and confidential and that defendant has failed to show it has a substantial need for such
11 information that cannot otherwise be met without undue hardship.  Accordingly, the Court
12 declines to reconsider its previous Order.

13     (2)  The Clerk shall direct a copy of this Order to all counsel of record.

14     DATED this   11   day of December, 2006.

16                                      RICARDO S. MARTINEZ
                                       UNITED STATES DISTRICT JUDGE